The Texas Land Company v. Reson Moon.

Purchase-money.—A defendant who was sued for unpaid purchase-money due on his notes, made in 1872, for eighty acres of land, and to enforce the vendor's lien, answered, charging fraud in the procurement of the notes, and alleging that he had been in possession of the land since 1856, and prayed for a cancellation of the notes, the recovery back of the money paid on them, and for judgment for six hundred and forty acres of land, of which the eighty acres formed a part. The issue of fraud being found in favor of the defendant, the judgment was for repayment of the money collected on the notes, their cancellation, and vesting title in defendant for the eighty acres: *Held*—

1. There was error in so much of the judgment as decreed the title to the land in defendant, as the plaintiff was not required by the pleadings to meet the issue of the merits of his title, but only that of fraud in the sale.

2. Even had the defense of limitation been properly pleaded, there was not ten years' adverse possession, independent of the period during which the statute was suspended.

Appeal from Leon. Tried below before the Hon. W. D. Wood.

In addition to the facts stated in the opinion, it appears that the judgment for appellee Moon was for eighty acres of land, and based upon the ten years' statute of limitation. Moon testified that he went on the land in October, 1856. On the 1st of March, 1872, he entered into the contract with appellant for the purchase of the eighty acres of land. Appellee, in his answers, claimed six hundred and forty acres of land, and also, in reconvention, to recover back the money paid by him. It

was in evidence that Moon held under the contract of purchase which he sought to cancel, after March 1, 1872. There was no prayer for the recovery of eighty acres of land by Moon, and no evidence of his title to eighty acres, aside from the attempt to make one by limitation.

*H. D. & F. H. Prendergast* and *Johnson Holland,* for appellant.

*N. G. Kittrell,* for appellee.—Though not connected in the court with the case, I beg leave to submit the following counter-propositions, viz.:

I. The defendant having claimed title to six hundred and forty acres of land, and the court having rendered judgment for only eighty, and the appellee not complaining, it is not a ground of complaint, on the part of appellant, that the court gave to his adversary a less amount than the adversary sought to recover.

The appellee plead the ten years' statute to six hundred and forty acres, but the court limited him to the eighty acres which was the subject of contract. (Mitchell *v.* Zimmerman, 4 Tex., 82.)

II. The judgment, if erroneous in this particular, can be revised and reformed by this court, the facts being so fully developed as to show what the judgment should be.

The title of plaintiff, the circumstances under which the sale was made, the possession of the defendant, and the fraud practiced upon him, are all shown. (Paschal's Dig., art. 2903; Mathews *v.* Hancock, 20 Tex., 7; Johnson *v.* McKissack, 20 Tex., 161.)

III. Appellant having set up a new action by amendment of December 14, 1876, praying a rescission of the contract, the statute of limitation ran until the date of the amendment, fraud having been shown, and defendant was not estopped from setting it up, nor required to offer to return the land, having pleaded the statute.

Appellant first sought judgment and foreclosure on purchase-money notes unpaid; then he prayed a rescission of the contract, abandoning prayer for foreclosure. Defendant proved residence for more than twenty years. Defendant was in possession at date of sale and claimed title, but made the contract to avoid litigation and secure a home, and fraud was practiced on him. (Henderson *v.* Kissam, 8 Tex., 52; Williams *v.* Randon, 10 Tex., 74; The Governor *v.* Burnett, 27 Tex., 37; Munson *v.* Hallowell, 26 Tex., 480; Mitchell *v.* Zimmerman, 4 Tex., 82.)

BONNER, ASSOCIATE JUSTICE.—This, as brought, was not a suit of trespass to try title, but one in which the Texas Land Company, as plaintiff, sought by the original petition judgment upon two—remaining unpaid—of three promissory notes, and to enforce the vendor's lien, given by the defendant, Reson Moon, upon an executory sale of eighty acres of land.

Besides the acknowledgment of the title under which plaintiff claims, made by the defendant by virtue of the sale, he, in one of the notes, agreed to hold the land as tenant under that title until the note was paid.

To the suit of plaintiff, defendant Moon replied that the agreement and notes were fraudulently obtained, in this: that the agreement for title was falsely and fraudulently read as an obligation for a general warranty deed, when in fact it was for a deed without warranty, and that, being nearly blind and unable to read, he was deceived thereby. He prayed that as he was in the actual possession of the land at the date of the agreement of sale, and had been since 1856, that the notes and agreement be canceled, and that he be placed in the same condition as when they were made. He also prayed for judgment for title to six hundred and forty acres of the grant of land, by virtue of the ten years' limitation.

The plaintiff, by amended petition, asked that as the defendant had repudiated the contract of sale, the same be held forfeited and that plaintiff have possession.

The contested issue in the case, as presented both by the pleadings and the evidence, was as to the invalidity of the sale growing out of the alleged fraud, rather than that of the merits otherwise of the title. The theory of plaintiff's case seems to have been based upon the superiority of his title, as acknowledged by the defendant, and that, under the circumstances, he was not required to deraign title from and under the sovereignty of the soil.

The court, upon special verdicts found by the jury, gave judgment for the defendant upon the issue of fraud; that he recover $152.04 principal of one of the notes and interest, which had been paid to plaintiff; that the remaining notes and agreement be canceled; and that defendant do have and recover of plaintiff the eighty acres of land, and be quieted in the possession and enjoyment of the same.

Under the case as made by the pleadings and evidence, we are of opinion, that in so much of the judgment as decreed the title to the land into the defendant, and that he be quieted in the possession and enjoyment thereof, there was error, in this:

1st. Because the plaintiff was not called upon to meet the issue of the merits of his title, but only that of alleged fraud in the sale to defendant.

2d. Because if the issue of title had been presented by the pleadings, the defense of limitation, upon which this part of the judgment seems to have been based, was not sufficiently made out by the evidence, as ten years' adverse possession, omitting the time during which the statute was suspended, had not elapsed.

As the case will be remanded, we do not think it proper to give any opinion as to the relative weight of the testimony in regard to the alleged fraud.

It is not inappropriate, however, to add, that upon this issue the burden of proof is upon the defendant, and that the testimony should be satisfactory in order to justify the court to set aside the written agreement.

The alleged error of the court in overruling the plaintiff's special exception, that the defendant's answer does not show that he is injured, or will likely be injured, by not having a warranty deed, we do not think well taken.

It is not only lawful, but in many cases prudent, that purchasers of land should protect themselves by requiring deeds with warranty; and if such be the contract, they have the right to have it enforced.

The description of the land, as given in the judgment, is quite vague and uncertain, but it is the same given by the plaintiff in his petition. That contained in the agreement to make title is much more specific.

Judgment reversed and the cause remanded.

REVERSED AND REMANDED.