## PAULINE T. SELLERS v. ANNIE C. VOGEL ET AL.

SUPREME COURT, AUSTIN TERM, 1882. .

*Fraudulent misrepresentations—Rescision of sale—Restoration of purchase money.*—With the rescision of the sale of land, if made upon the ground of fraudulent misrepresentations, by which the sale was induced, the fraudulent vendor could not be permitted to hold that part of the purchase money which he had obtained in his own wrong, but should be made to restore it, less such sum as would be a reasonable compensation for the rents.

Appeal from Comal county—Opinion by Stayton, J.—This suit was instituted by the appellees to recover certain promissory notes executed by Mrs. Sellers, one of the appellants, for a part of the purchase money for land sold to her by the appellees.

At the time of the execution of the notes sued upon, Mrs. Sellers was a married woman, and the notes were executed by her alone.

In their petition the appellees set out the purpose for which the notes were executed, and prayed a foreclosure of their vendor's lien; and they further prayed, in the event they were not entitled to that relief, that then the sale of the land be rescinded, and that the land be restored to them; and for general relief.

The appellants answered, and Mrs. Sellers set up her coverture at the time of making the notes sued upon; and, further, that she was induced to make the purchase of the land by certain fraudulent misrepresentations made in reference to the land, orchards, vineyard and springs of water thereon. Some of the matters alleged to have been falsely represented were such as were material, and upon which the purchaser had the right to rely; others were of a character, and in reference to matters, which were open to the observation of the purchaser, which would have given no ground for claim for damages, nor for rescision of the contract.

Mrs. Sellers further alleged that at the time she purchased the land she paid, in cash, thereon the sum of $2000; and she prayed that the sale be rescinded, and that she have judgment for the money which she had paid on the land, and for general relief.

On the trial, there was evidence tending to show that Vogel had made misrepresentations in regard to matters material to the contract, and in reference to matters of which he had superior knowledge to that possessed by the appellants, or to that which they could acquire by the exercise of diligent observation. There was also proof of the payment of the $2000 on the land.

6A

Upon the trial, the court, in effect, charged that if the appellants bought the land and had not paid for it, to find a verdict for plaintiffs, and refused to submit to the jury a charge upon the question as to whether or not the sale was made through the misrepresentations of Vogel in regard to matters which were material.

There was a verdict in favor of the plaintiffs, and judgment was rendered thereon cancelling the deed made by Vogel and wife to Mrs. Sellers, and vesting title to the land in Annie C. Vogel and the heirs of Ludwig Vogel, he having died pending the suit, Mrs. Annie C. Vogel being his widow. The judgment also awarded a writ of restitution and gave costs against the defendants.

If the representations alleged to have been made by Vogel were untrue, they were of such character as would have entitled Mrs. Sellers and her husband in a rescision of the sale, and to a return of such part of the purchase money, and interest thereon, as might remain after deducting the reasonable rents of the property while in the possession of Sellers and wife. (Pendurois v. Gray, 41 Texas, 330; The Texas Land Company v. Moore, 52 Texas, 477.)

As said by Wheeler, justice, in Winty v. Morrison, 17 Texas, 383, "Nothing can be better settled than that fraud vitiates any contract, and may consist either in misrepresentation or in concealment. Every misrepresentation, with regard to anything which is a material inducement to a sale, which is made to deceive, and which actually does deceive the vendee, vitiates the contract of sale."

With the rescision of the sale, if made upon the ground of fraudulent misrepresentations, by which the sale was induced, the fraudulent vendor could not be permitted to hold that part of the purchase money which he had obtained of his own wrong, but should be made to restore it, or such part thereof as might remain after taking therefrom such sum as would be a reasonable ·compensation to him for the rent of the land while in the possession of the appellants.

The court should have submitted to the jury the issue which Sellers and wife asked to have submitted.

All parties are asking a rescision of the sale, and their mutual equities should be adjusted.

For the error above indicated, the judgment of the court below is reversed and the cause remanded.